Dykman, J.
The relator is a foreign corporation, having a principal office and place for the transacting of the business and financial concerns of the company in the city of New York. It has certain machinery and personal property in the possession and under the control of an agent at the state prison, at the town of Ossining, used in the manufacture of boots and shoes,, by convict labor, in the prison.
The assessors of the town of Ossining have assessed their property to the agent in their assessment roll for 1878, under the provision of section 5 of article 1, title 2, chapter 13, part 1, of the revised statutes (1 It. 8. 6th ed. 934), which provides that every person shall be assessed in the town or ward where he resides when the assessment is made for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, &c. Section 6 of the same article provides that all the personal es *141 tate of every incorporated company liable to taxation on its capital, shall be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company shall be. It is entirely clear that the last section must control in respect to the place where the personal property of every incorporated company must be assessed, and that the same cannot be assessed in any other place, even though found in the possession of an agent.
In the year 1855, a law was passed in this State providing that all persons and associations doing business in the State of New York as merchants, bankers, or otherwise, either as principals or partners, whether special or otherwise, and not residents of this State, shall be assessed and taxed on all sums invested in any manner in said business, the same as if they were residents of this State, &c. This law placed foreign corporations on the same footing with domestic, and subjected them to the same mode of taxation as if they were residents within the State (British Comm. Life Ins. Co. v. Comm’rs, 1 Keyes, 303; 1 Abb. Ct. App. Dec. 202).
There is no difficulty about striking this assessment from the roll, as that has been brought into this court by the supervisor in whose hands it now is (People v. Reddy, 43 Barb. 545).
An order must therefore be entered directing the supervisor to strike this assessment from the assessment roll of the town.